UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANDRE L.TUCKER,<br><br> Plaintiff,<br><br>v.<br><br>iENERGIZER, INC.,<br><br> Defendant. | Case No. 1:20-cv-02521 |

## COMPLAINT

**NOW COMES** Plaintiff, DEANDRE L.TUCKER, through undersigned counsel, complaining of Defendant, iENERGIZER, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. DEANDRE L.TUCKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2185 Test Road, Richmond, Indiana 47374.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. iENERGIZER, INC. ("Defendant") is a corporation organized and existing under the laws of Delaware.

8. Defendant has its principal place of business at 17304 Preston Road, Suite 250, Dallas, Texas 75252.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2190.

13. At all times relevant, Plaintiff's number ending in 2190 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. Plaintiff applied for a credit card with Credit One Bank.

16. Upon approval, Credit One Bank mailed Plaintiff a credit card.

17. Plaintiff activated his credit card, and began using his credit card for personal and household purposes.

18. While Plaintiff initially made payments on his credit card, the payments ceased and Plaintiff's account fell into default due to a payment processing error with Plaintiff's bank ("subject debt").

19. Plaintiff's account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. In or around October 2019, Plaintiff started to receive collection phone calls from somebody purporting to be "Credit One Bank."

21. On multiple occasions, Plaintiff answered these collection calls and made oral requests that the calls stop.

22. Furthermore, Plaintiff advised Defendant that he was working with Freedom Debt Relief to secure payments of $40/month to Credit One Bank. Plaintiff further advised Defendant to direct their inquiries for payment to Freedom Debt Relief.

23. Despite Plaintiff's requests, these collection calls persisted.

24. On April 24, 2020, Plaintiff initiated arbitration proceedings against Credit One Bank seeking redress for the harassing collection calls.

25. During the arbitration proceedings, Credit One Bank disclosed that "iEnergizer, Inc." placed collection calls to Plaintiff on Credit One Bank's behalf.

26. In total, Defendant has placed dozens of harassing collection calls to Plaintiff on behalf of Credit One Bank after Plaintiff requested that the collection calls cease.

27. Each time Plaintiff answered Defendant's call, Plaintiff was met by an approximate three-second pause prior to being connected to an agent.

28. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

29. At all times relevant, Defendant acted as an agent of Credit One Bank.

30. To date, Plaintiff has not received anything – in writing – from Defendant regarding the debt it was attempting to collect from Plaintiff.

## DAMAGES

31. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

32. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

34. Concerned with having had his rights violated, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

36. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> >
> > (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

37. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

38. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

39. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

40. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

41. Defendant violated §1692d(6) by falsely identifying itself as "Credit One Bank" instead of identifying itself by its real name.

### Violation(s) of 15 U.S.C. § 1692e

42. Section 1692e provides

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

43. Defendant violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Credit One Bank during phone calls with Plaintiff.

**Violation(s) of 15 U.S.C. § 1692g**

44. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

46. The validation notice provisions were included by Congress to ensure that consumers receive their dispute rights.

47. Defendant violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff

48. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), d(6), e(14) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5), d(6), e(14) and g(a);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

51. Upon information and belief, based on the three-second pause Plaintiff noticed when Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

52. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

53. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

54. As pled above, Plaintiff revoked consent to be called on his cellular telephone.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

56. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

57. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

58. Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

59. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

60. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 29, 2020    Respectfully submitted,

**DEANDRE L. TUCKER**

By: */s/ Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com